FILED
CLERK, U.S. DISTRICT COURT
1/16/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>SARKIS GARADZHYAN,<br><br>           Defendant. | CR No.   2:24-cr-00031-MWF<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 982(a)(2): Criminal Forfeiture] |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1349]

Beginning not later than 2020, and continuing through at least April 16, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant SARKIS GARADZHYAN conspired with others to commit bank fraud, in violation of Title 18, United States Code, Section 1344.  The object of the conspiracy was carried out, and to be carried out, in substance, as follows:  Defendant GARADZHYAN and his co-conspirators would use shell companies to apply for CARES Act relief funds, falsely stating that the shell companies had large

1  payrolls, and attaching forged tax forms as support.  Defendant
2  GARADZHYAN and his co-conspirators would rapidly withdraw the
3  CARES Act funds that they fraudulently caused to be deposited
4  into the shell companies' bank accounts by writing checks to co-
5  conspirators and to additional shell companies for which
6  defendant and his co-conspirators had obtained bank accounts.
7  Defendant GARADZHYAN would also use bank accounts to accept
8  fraudulently obtained CARES Act relief funds from shell
9  companies controlled by his co-conspirators.  As a result of
10 this conspiracy, defendant GARADZHYAN defrauded federally-
11 insured financial institutions, including Bank of America.

COUNT TWO

[18 U.S.C. § 1028A(a)(1)]

Beginning not later than 2020, and continuing through at least April 16, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant SARKIS GARADZHYAN knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, including the name of A.B. on or about April 14, 2021, during and in relation to a felony violation of Title 18, United States Code, Section 1349, Conspiracy to Commit Bank Fraud, as charged in Count One, knowing that the means of identification belonged to another actual person.

FORFEITURE ALLEGATION

[18 U.S.C. § 982(a)(2)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of Defendant's conviction of the offenses set forth in any of Counts One or Two of this Information.

2. Defendant, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense, including but not limited to the following:

        i. The approximately $861,966.11 in U.S. Currency seized on or about April 14, 2021, from Bank of America account ending in 8597 held in the name of Arizona Hospice Care Inc.; and

        ii. The approximately $929,855.96 in U.S. Currency seized on or about April 16, 2021, from Bank of America account ending in 4955 held in the name of Zen Brothers Auto Body, Inc.

    b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph a above.

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant, if so convicted, shall forfeit substitute

4

property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

ANDREW BROWN
Assistant United States Attorney
Major Frauds Section